T. O. Bridgeforth et al. *v.* Mary Maxwell, Administratrix.

---

T. O. Bridgeforth *et al.* *v.* Mary Maxwell, Administratrix.

1. Dower: when no children or descendants of them, widow endowed of one half: interest of widow not liable for debts.— When there is no child or children of a decedent, nor descendants of them, the widow shall have as her dower one half of the real estate of which her deceased husband died seized and possessed, in fee-simple; this interest of the widow is only subject to the payment of debts in the event of the insolvency of the estate.

2. Same: case in judgment.— Defendant in error, as the widow of M., who died without children or descendants of them, was allotted one half of the real estate in fee-simple of which her husband died seized and possessed. As the administratrix of her husband, she represented to the Probate Court that the personalty was insufficient to pay all the debts, and petitioned for

a sale of a portion of the realty. The heirs resisted the petition, on the ground that the interest allotted to defendant in error in the lands should bear the burden of the debts equally with their interest. *Held* — That, except in the event of the insolvency of the estate, the one-half fee-simple interest of the widow was not chargeable with the payment of debts.

ERROR to the Probate Court of De Soto county. Hon. J. B. Morgan, judge.

Defendant in error, as the widow of William Maxwell, who died without children or descendants, had allotted to her by the Probate Court one half of her deceased husband's lands as dower. Afterwards, as the administratrix of her husband, on a deficiency of the personalty, the petitioned the court for an order of sale of the lands not allotted to her as dower, for the purpose of paying debts. The petition states, that a sale of a portion of the lands not embraced in the allotment of dower will be sufficient. The heirs resisted the application, and insisted that the dower lands and those owned by them should bear the burden of the debts equally. The court decreed in favor of the widow, and the heirs of Maxwell prosecute this writ of error. The error assigned is, that the court below erred in holding, that the entire debts of the estate should be paid by the portion of the lands which descended to the heirs-at-law, and that the widow should hold the portion allotted to her free from debts.

*White & Chalmers* for plaintiffs in error.

*Walter & Scruggs*, for defendant in error, cited 1 Maryland Ch. Doc. 202; 3 Met. (Ky.) 578; 31 Miss. 610.

BROWN, J., delivered the opinion of the court.

The decedent, William Maxwell, late of De Soto county, died, leaving no children nor descendants of them, but did leave the defendant, Mary Maxwell, his widow surviving, who afterwards proceeded and had her dower in the real estate of said decedent assigned agreeably to the statute. Civil Code, p. 467, art. 162.

Some time after this, as administratrix of the said estate,

T. O. Bridgeforth et al. v. Mary Maxwell, Administratrix.

she filed her petition in this case in the Probate Court of said county, asking an order for the sale of a portion of the balance of the realty of said decedent, to pay the debts of said estate.

To this petition the defendants, as heirs-at-law of the estate, interposed the defence that the whole realty should be subject to the payment of the debts, and the widow should have her dower in the balance.

The court granted an order of sale as prayed for; sale was made and confirmed, and defendants appeal to this court.

The defence set up would more properly have been made on the application of the widow for the assignment of dower; but as it has been made in this proceeding, we will consider it.

The question presented involves the construction of the statute relative to dower in this State.

The statute provides in substance, when any person shall die intestate, or shall have made a will containing provisions for his widow not satisfactory to her, and shall leave no child or children, nor the descendants of them, in such case the widow shall have as her dower one half of the real estate in fee of which she is by law endowable. Civil Code, p. 467, art. 162.

It is claimed by counsel that the law-makers did not intend by this statute to give this estate to the widow as dower, but to make her, on the other hand, an heir to the estate of her deceased husband; for she obtains the fee of the land, which is inconsistent, it is said, with the general acceptation of the term dower.

It is true that the general impression is, that a widow's dower is a life estate, not including the fee of the land. This was the common-law rule, which has been very generally adopted in our States; but it has been materially altered of late in many of the States, so that the common law is not the sole rule of admeasurement of dower at this time.

It must be admitted that the law-making power of a State has the right to determine what shall constitute a dower estate, and to change the common-law rule, if they see fit, as they have done in many other matters.

Under this admitted authority, the legislature of this State

has declared, that a widow, under certain circumstances as between herself and the heirs, should have, *as dower*, one half of the lands and tenements of her deceased husband in fee-simple.

This language seems to be clear, and to admit of no two opinions.

They evidently intend to give to her, under such circumstances as the case at bar, an estate in fee as her dower, and as such she would receive it with all the privileges and protection appertaining to a dower estate at common law, unless qualified by statute.

The law-making powers have therefore provided, that in case an estate is insolvent, the widow shall then only have and enjoy for life the use of one-third part of the estate thereof. Civil Code, p. 468, art. 164.

We hold, therefore, that a widow of a deceased husband, leaving no children nor descendants of them, has a right to be endowed with and apportioned to her one half of all the real estate of said decedent in which she is by law entitled to dower, and to be assigned by metes and bounds according to the true value of the whole at the time of the assignment, a proper regard being had to the rental capacity of the whole premises. Scribner on Dower, pp. 561, 562, 563, and the authorities there cited.

Taking the estate as dower, it cannot be held to be subject to the payment of the debts of the decedent, unless the estate should prove to be insolvent.

The court below having recognized substantially this construction of the statute, we find no errors that would warrant an interference.

Decree confirmed.